[No. 29310. Department One. June 15, 1944.]

MILDRED E. MYERS, *Appellant*, v. EVERETT W. MYERS, *Respondent*.[1]

[1]Reported in 149 P. (2d) 926.

*Bartlett Rummel,* for appellant.

*J. Peter P. Healy,* for respondent.

GRADY, J.—The appellant, Mildred E. Myers, brought this action against the respondent, Everett W. Myers, praying that she be awarded a divorce from him, an equitable share of the community property, the care, custody, and control of their minor son, and other incidental relief. The respondent by a counterclaim prayed for a divorce, the custody of the child, an award of the property, and general relief. Issues were joined, and at the conclusion of the trial the court made findings of fact, upon which was based an interlocutory order of divorce to respondent from appellant.

By her assignments of error, the appellant seeks a review of the action of the trial court in entering an interlocutory order of divorce favorable to respondent, in awarding him the custody of the child, and in awarding him community property to the extent provided therein. We shall discuss these assignments in the foregoing order.

After hearing the complaints each party made against the other, the court found that in March, 1943, appellant informed respondent that she was going to leave him, and thereupon she conveyed her interest in their community real estate to him and they divided equally between them a sum of money approximating eight hundred dollars; that the appellant then went to Wenatchee to visit her father; that shortly thereafter the respondent went to Wenatchee and appellant returned with him to their home; that on or about April 30th appellant again informed respondent she was going to leave him, that she had no affection for him, and was going to live with Hezekiah Manning until such time as they could be married; that appellant ceased to re-

side with respondent, but took up her abode for a time at the home of Manning's sister at which place Manning also took up his residence. The court further found that on one occasion respondent found appellant in an automobile with Manning, and she attempted to conceal her presence there from him and refused to return to their home with him.

Our examination of the record convinces us that the findings of fact made by the court are supported by a preponderance of the evidence, and that the court was fully justified in awarding an interlocutory order of divorce to respondent. This disposition of this branch of the appeal makes it unnecessary to review the evidence submitted by appellant in support of her complaint. The trial judge in his remarks at the close of the trial stated the parties should be divorced. Although he found conduct on the part of respondent which was improper, he regarded that of the appellant such as to warrant awarding the order of divorce to respondent, and in this we think he was correct.

The most serious question presented to the court was with reference to the custody of the minor child. This boy at the time of the trial was nine years of age. He had been living with the respondent since the appellant left their home. The court found he was being well taken care of and was attending school. The respondent is industrious and capable of taking the proper care of his son. The record does not show any immoral conduct on the part of appellant.

The appellant has cited to us many of our cases in which it has been said that the mother of a child should not be deprived of its custody, particularly if it be of tender age, unless it is clearly shown that she is so far an unfit and improper person that the custody of the child will endanger its welfare. What we have said in those cases was not a pronouncement of a rule applicable to all cases. We have considered the welfare of the child as of paramount importance. We have said many times that each case must be considered upon its own facts and the situation then before the court. We have approved the awarding of children to their fathers when it appeared that their best welfare would be served by so doing. We have recognized that the trial court must

necessarily have a wide discretion in such matters. This must be so, because there are so many factors that must be taken into consideration, and these can become better known by the trial judge than they can by us from the printed record.

In determining in whose custody the welfare of this particular child would be the best served, the trial judge was confronted on the one hand with substantial evidence that the respondent had taken or received personal property that did not belong to him or to the one from whom he had received it, and appropriated it to his own use; and, on the other hand, that the appellant had become infatuated with a man and left her home so that she might have his society. The observations of the trial judge of both parties during the trial and a consideration of the comparative influences the child would be under, prompted him to conclude that the best interests of the child required that his custody be awarded to the respondent. Upon the whole record, we conclude that the action taken by the court should not be disturbed.

The property owned by the parties consists of a small tract of land upon which there is a building containing living quarters, a garage, service station, and store. The respondent did repair work in the garage and sold merchandise from the service station and store. A small amount of household goods and an automobile had been acquired. No value appears to have been fixed upon the household goods. The court awarded the real estate and all of the personal property, including the automobile, to respondent, and directed that he pay to appellant the sum of five hundred dollars in monthly installments of fifty dollars each, and that he pay to her the sum of one hundred twenty-five dollars for the fee of her attorney. The appellant claims that, even though the custody of the child be awarded to respondent, the property division is not equitable.

Rem. Rev. Stat., § 989 [P. C. § 7508], provides:

"Decree—Disposition of property. In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard

to the respective merits of the parties, and to the conditions in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage."

In applying the statute to the situation presented in *Otto v. Otto,* 178 Wash. 41, 33 P. (2d) 1074, this court said, p. 46:

"It is often difficult, and sometimes impossible, to determine the exact equities between parties with mathematical precision. Results must vary according to the attendant circumstances. The statute with reference to the distribution of property in divorce cases enjoins upon the court the duty of making such disposition as shall appear just and equitable, having due regard to the merits and conditions of the parties."

The fact that one of the parties may have been in serious fault does not justify the imposition of a severe penalty in the way of deprivation of property. The matter of fault is a proper one for inquiry when making a division of property, but this of itself does not require that a larger portion of the property be awarded to the one not in fault than is given to the other. *Fitzpatrick v. Fitzpatrick,* 105 Wash. 394, 177 Pac. 790; *Otto v. Otto, supra.* This is particularly true in this case as the respondent was also seriously at fault.

Considering the condition in which the parties are left by the divorce, we find as to the respondent that he is an able-bodied man of the age of thirty-two years, a competent automobile mechanic, and capable of earning a substantial income. The property awarded to him will provide a home for himself and his son, and the garage and combined store and service station are capable of producing an income. As to the appellant, she is of the age of thirty-one years, in good health, and, as the court found, able to provide for herself. But in this connection it should be considered that the record does not show that she has been fitted for any special vocation. The extent of her education does not appear, and, in view of the fact that she was married when a little past the age of twenty years, it is fair to infer that if she is em-

ployed it will be at ordinary manual labor and that her ability to earn will be much less than that of respondent. At the time of the trial, she was living with and caring for her aged and invalid father.

In view of the situation presented, it seems to us that the division of the property made by the trial court does not meet that which is contemplated by the statute. The record indicates that during the marriage the appellant worked along with her husband and did the part of a wife in the accumulation of their property. The court found that the value of the real estate was thirty-five hundred dollars, the stock of goods five hundred, and the automobile nine hundred twenty-five dollars. These were the values testified to by appellant. The respondent testified that the real estate was worth just about what he and appellant had paid for it, or the sum of twenty-five hundred dollars. There is nothing to indicate that its value has increased over its original cost and we think this is more nearly its true value. Our conclusion is that the appellant should be awarded an additional sum of one thousand dollars.

The interlocutory order appealed from is affirmed, except that it should provide for the payment to appellant by respondent of the sum of fifteen hundred dollars, and the real estate therein described be impressed with a lien to secure the payment of this sum. The case is remanded to the lower court for the entry of a modified order. The appellant will recover her costs and disbursements in this court.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.