[No. 29446.    Department Two.    November 3, 1944.]

*In the Matter of the Guardianship of* VALERIE ROSE HANSEN
*et al., Minors.*

EVELYN HANSEN, *Appellant,* v. HAZEL A. MONAGHAN,
*Respondent.*[1]

*Groff & Kelleran* and *William A. Herren,* for appellant.

*Ross W. Watt,* for respondent.

SIMPSON, C. J.—This case has to do with the appointment of a guardian of two minor children.  January 31, 1944, Mrs. Hazel A. Monaghan filed in the superior court of Kitsap county her petition asking that she be appointed guardian of Valerie Rose Hansen and Jacquelin Sandra Hansen, minor children.  March 20, 1944, Mrs. Evelyn M. Hansen, the mother of the minor children, filed her answer to the petition by denying the allegations of the petition, and then set out an affirmative defense which challenged the jurisdiction of the superior court of Kitsap county.  A trial to the court resulted in the entry of an order granting the petition.

Mrs. Hansen has appealed, and in so doing has assigned as error the action of the trial court (1) in holding that it

[1]Reported in 152 P. (2d) 712.

had jurisdiction of the subject matter of this action; (2) in holding that it had jurisdiction of the persons of the minor children; (3) in holding guardianship a proper proceeding; (4) in holding that there was involved in this proceeding any question of the welfare of the children; and (5) in appointing the respondent guardian of the children.

The facts are as follows: In the early part of 1941, appellant instituted an action for divorce in King county against Irvin M. Hansen. A trial was had and an interlocutory decree entered which gave to the appellant the two minor children and provided that Irvin M. Hansen should pay Mrs. Hansen twenty dollars per month for the support of the children. The children were placed in a boarding home conducted by Mrs. Raymond in Seattle. Hansen failed to make the payments provided for in the decree and was at one time cited for contempt. However, an order in the contempt proceedings failed in so far as payment of the alimony was concerned, and appellant was compelled to secure a job as a waitress in order to support her children. Later, Hansen was inducted into the army and was compelled to make an allotment for the support of his children in the sum of twenty dollars per month. That sum was insufficient to care for the children, and the mother was compelled to continue her work. She worked near Seattle for a time and then went to California, where she was able to obtain a better income. While away, appellant wrote to the children once a month, and kept Mrs. Raymond advised of her telephone number. She paid Mrs. Raymond certain sums of money to make up the difference between the allowance made by Mr. Hansen and the charge made for the care of the children. In addition, she provided funds for their clothes and to pay for school lunches.

The situation is summed up in the following statements of the trial court:

"In so far as the mother is concerned, I don't think anybody even pretends to charge her with any moral delinquency or anything of that kind. . . .

"It would be an utter mistake, in my opinion, to turn them over to the mother because she is going to place them some-

where here and she is going right off to the State of California. All in the world that means is that they get a boarding house. There are lots of good boarding houses, but you are not giving children one-tenth of that which they deserve if all you give them is something to eat and some clothes on their back. They have got to have a little affection, a little interest, a little love, little things that don't go with boarding houses, especially at the rate of $20.00 a month apiece. I know the mother will do the best she can, but the children are entitled to more than that."

There is much merit in the attack made upon the jurisdiction of the superior court to consider the petition for guardianship. However, we will not decide that question because we prefer to base our decision upon the facts presented in this case.

In passing upon questions of this character, courts are mindful of the rule that the welfare of the child is of paramount importance. *In re Day,* 189 Wash. 368, 65 P. (2d) 1049; *Flagg v. Flagg,* 192 Wash. 679, 74 P. (2d) 189; *Eliason v. Eliason,* 10 Wn. (2d) 719, 118 P. (2d) 170; *Taylor v. Taylor,* 14 Wn. (2d) 293, 126 P. (2d) 855; *Myers v. Myers, ante* p. 19, 149 P. (2d) 926; *Pardee v. Pardee, ante* p. 25, 149 P. (2d) 522.

Considered in connection with the rule just mentioned is another that children of tender years will not be taken from their mother unless it is shown that she is an unfit and improper person to have their custody and control. *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698; *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1; *Mason v. Mason,* 163 Wash. 539, 1 P. (2d) 885; *Ostrander v. Ostrander,* 176 Wash. 669, 30 P. (2d) 658.

In this case appellant has shown herself to be a hard-working woman of good character, who gave her children the best of care, taking into consideration her lack of funds. It might have been better for her to have remained close to her children so that she could visit them at frequent intervals. However, we are of the opinion that she should not be deprived of their custody because she went far away from home to secure work. It will not be held that any

parent may lose the custody of children because financial considerations compel any certain way of living.

The judgment of the trial court is reversed with instructions to dismiss the petition filed by respondent.

BEALS, BLAKE, ROBINSON, and MALLERY, JJ., concur.