[No. 29634. Department One. July 5, 1945.]

HERBERT L. HATHAWAY, *Respondent,* v. LYDIABELL HATHAWAY, *Appellant.*[1]

*Fred M. Bond* and *Ralph Booth McAbee,* for appellant.

*Everal Carson,* for respondent.

GRADY, J.—This action was brought by Herbert L. Hathaway against his wife, Lydiabell Hathaway, to secure a divorce from her, a division made of their property, and the award to him of the care, custody and control of their chil-

'Reported in 160 P. (2d) 632.

dren. The action was based upon the ground of cruel treatment on the part of the defendant and personal indignities committed by her rendering life burdensome to plaintiff. The answer and counterclaim of the defendant denied the material allegations of the complaint and alleged acts on the part of the plaintiff constituting cruelty and prayed for a divorce, an award to her of the custody and control of the children, and a property division. At the close of the trial of the case, the court found that each party had been guilty of cruel conduct and concluded that each party should be granted a divorce from the other.

In its interlocutory order, the court made a division of the property between the parties and awarded the care, custody, and control of the children to the plaintiff during the school year and to the defendant during the summer vacation if she desired to have such custody; and, in that event, awarded her fifty dollars per month for their support and maintenance. The defendant has taken an appeal from the interlocutory order.

■ The appellant does not urge in this court her claim of error that the evidence was not sufficient to warrant the court in awarding respondent an interlocutory order of divorce, recognizing that, as the same award was made to both parties, this court would not be inclined to disturb the conclusion reached by the trial judge, in view of what we said in *Kirsch v. Kirsch*, 192 Wash. 156, 73 P. (2d) 356, and *Cornwall v. Cornwall*, 13 Wn. (2d) 594, 126 P. (2d) 52:

"The appellant desired a divorce. If a decree of divorce was granted in favor of one of the spouses, both are thereby necessarily divorced. If we concluded, as we can not on the record before us, that the court erroneously declared the appellant guilty of cruelty but correctly found that the respondent was guilty of cruelty, the result would not for that reason be changed."

Our examination of the record convinces us that the court was justified in making the findings of fact it did and upon which the interlocutory order was based, and that the above quotation is applicable to this case.

The division of property made by the court does not re-

quire extended discussion. The court took into consideration the situation the parties would be in after the dissolution of the marriage; the ability of the appellant to maintain herself; the earning power of the respondent; the fact of having the custody and support of the children of the parties during the school year and his contribution to their maintenance while they were in the custody of appellant during summer vacation periods, and made what seems to us as near an equitable division and distribution of the property as its kind and character and the situation of the parties would permit. At any rate, we cannot conclude the court so failed in the exercise of its sound discretion and judgment as to warrant us in ordering a modification of the order in that respect.

The award of attorneys' fees and expense of litigation, in view of the length of the trial, may seem somewhat modest, but when the financial condition of respondent and the small amount of property involved are considered we are led to the conclusion that the award was well within the exercise of the discretion of the court, and that we should not direct any modification of that part of the order.

The difficult problem which faced the court and now confronts this court is with reference to the custody of the children of the parties. The children, a girl of the age of eleven years, twin girls of the age of eight years, and a boy of the age of three and one-half years at the time of the separation of the parties, were residing with their parents at Vancouver, Washington. The family had lived at Long Beach, Washington, but had moved to Vancouver so that the respondent could find more lucrative employment. There was a modest family home at Long Beach. The family lived in rented quarters in Vancouver. When appellant separated from respondent, she took the children and returned to the home at Long Beach. Later the children were brought back to Vancouver by respondent, and three of them were placed in school. The appellant remained at Long Beach and engaged in various kinds of employment. A married sister of respondent kept house for him and took care of the children.

■■ The briefs of the respective parties discuss the evidence showing the various acts of misconduct of the parties, and it is argued that such misconduct demonstrated the unfitness of the one or the other to have the custody of the children. The appellant calls our attention to the cases we have decided in which we have held that the custody of children of tender years should ordinarily be awarded to their mother, unless it has been made to appear that she is so far an unfit and improper person that her custody of them would endanger their welfare. The reasons given by the court as to why this should be done are sound, but the rule is not inflexible and must yield to circumstances. The welfare of the children is the paramount consideration in cases of this kind. Each case must necessarily depend upon its own facts and circumstances. A wide discretion must be vested in the trial judge, because he has had the parties before him, and the trial of the case and development of the facts necessarily have given him a better opportunity to determine what would be best for the children than we can usually gain from the printed record.

At the close of the trial, the judge made a very complete analysis of the situation that had been developed; and it appears from the views he expressed that he had in mind the principles and rules we have so many times pronounced. He declined to use the misconduct of the parties toward each other as a basis for making an award of custody of the children, other than to give it consideration in determining their welfare. He was of the opinion that the mutual misconduct which prompted him to award each party an interlocutory order of divorce was not of such a character that it could be said either parent was not a fit and proper person to have custody of the children, but admonished both parties that certain changes of conduct must take place so far as the children were concerned. He was also of the opinion that, in view of the settled condition of the children in school and the home life and surroundings the father had provided for them, they should remain in his custody during the school year.

The disposition of the children made by the court is, of course, subject to changing conditions, and the court had this in mind. The plan adopted will keep the children together as a family unit so that they will have the benefit of the society of each other, and they will have what must have appeared to the court proper school advantages. The court concluded that the respondent was in a better position to care for the children in a home provided by him than appellant would be at the home at Long Beach, and we do not think we should disturb its judgment.

Complaint is made that the award of fifty dollars per month for the support of the children while they are with their mother during the summer months is inadequate. This is also a matter so within the discretion of the trial court that we should not disturb its exercise unless there is patently an abuse thereof. The award may seem small in view of the present living conditions, but if it is found to be such we feel that the court will make a proper adjustment upon a showing being made to that effect. We do not feel that we should substitute our judgment for that of the trial court.

We note that the interlocutory order does not provide visitation privileges on the part of either parent while the children are in the custody of the other. It may be that the court felt the parties would make suitable arrangements themselves in this respect, but if they cannot do so then the court can so provide upon application made by either party.

The judgment is affirmed.

BEALS, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.