[No. 34330. Department One. October 24, 1957.]

LOIS ELAINE PATTERSON, *Appellant,* v. GREYDON EARL PATTERSON, *Respondent.*[1]

*Wright, Booth & Beresford (Paul M. Anderson,* of counsel), for appellant.

*Kelly Hancock,* for respondent.

FINLEY, J.—This is an appeal from the provisions of a divorce decree which placed the custody of three minor children with their father. From the distaff side of the controversy, the principal contentions are: (a) that the trial court made no specific finding as to the unfitness of the mother; (b) that the children are quite young; and (c) that the general principle, that children of tender years should be awarded to the mother, should be controlling.

Although the trial court in the instant case entered no specific finding or conclusion as to the unfitness of the mother, findings were made which raise considerable doubt (a) as to her moral standards in her relationships with members of the opposite sex, and (b) as to her emotional maturity

[1] Reported in 316 P. (2d) 902.

and stability. We are convinced that such findings could well have supported a specific determination by the trial court regarding her unfitness to have the responsibility for the custody of the minor children.

We do not know why the trial court did not enter a specific finding relative to the mother's unfitness. Perhaps the court was restrained by persuasive practical considerations. One such may have been the desire to avoid unnecessary embarrassment of the mother in connection with her future social relationships.

It appears to us that the entry of a specific finding on unfitness might have prevented this abortive appeal, because the absence of such a finding seems to be about the strongest ground available to permit appellant to speculate on the possibility of a change of the custody order. In any event, under the circumstances, the failure of the trial court to enter a specific finding negating the fitness of the mother to have the custody of the children is of no legal significance. The trial judge found that the father was a fit and proper person, and that he should have the custody of the children. The record supports these determinations.

The so-called "tender years doctrine," referred to above, is merely one facet of the more basic principle: *that the best interests and welfare of the children is the controlling consideration in child custody cases.*

In *Chatwood v. Chatwood,* 44 Wn. (2d) 233, 239, 266 P. (2d) 782, we attempted to state rather emphatically that several significant guiding principles as to the disposition of child custody matters may be gleaned from our numerous decisions as follows:

"1. Each case must be considered and determined separately, upon its own facts and the situation before the court;

"2. The best interests and welfare of the children in custody matters are the paramount and controlling considerations. The interests of parents, including claims of the right to child custody, are subsidiary in relation to consideration of the welfare of their children;

"3. Those factors usually inherent in the mother-child relationship must be considered in relation to the age and sex of the children. However, in this connection, socially

desirable traits of character, emotional maturity, economic ability or stability of the mother, cannot be disregarded;

"4. The findings of the trial courts will be accepted as verities on appeal, unless the record evidence clearly preponderates against such findings;

"5. Trial courts must necessarily be allowed broad discretion in custody matters, because so many of the factors to be considered can be more accurately evaluated by the trial judge, who has the distinct advantage of seeing and hearing witnesses, and is in a better position to determine their credibility, than the members of an appellate court, who have access only to the printed record on appeal, and to the briefs and argument of counsel."

In *Sweeny v. Sweeny*, 43 Wn. (2d) 542, 550, 262 P. (2d) 207, the court commented upon the principle expressed in the above-quoted paragraph No. 5, stating:

"Great weight should be given to the decision of the trial court in custody matters because of the great advantage the trial court enjoys over us in matters of trial atmosphere and opportunity to observe witnesses personally, and to gauge first hand their candor and truthfulness. In the latter connection, obviously, candor and truthfulness do not always appear with crystal clarity from the written record with which we are confronted on appeal. Generally speaking, the crux of the latter principle, boldly stated, is that the trial court is the forum where divorced parents, competing for custody of their children, should expect to win their lawsuits. In other words, on appeal, we are reluctant to disturb a custody disposition made by the trial court, and we will do so only upon a showing of manifest abuse of discretion by the trial court."

We find no merit in appellant's contentions. It is our best judgment that the trial court should be affirmed. It is so ordered.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.