[No. 34491. Department Two. May 15, 1958.]

LELA MAE SHAW, *Appellant,* v. DOUGLAS RAY SHAW, *Respondent.*[1]

*Greenwood, Shiers & Presser,* for appellant.

*Merrill Wallace,* for respondent.

PER CURIAM.—Counsel for appellant wife earnestly contend that the judgment awarding custody of the children of the parties to the respondent husband should be reversed and the custody of the children should be awarded the appellant mother. We decline to agree.

Our recent opinions touching this subject were reviewed in *Siewert v. Livermore, ante p.* 375, 325 P. (2d) 293, so there is no present necessity to restate the controlling factors. Our decision in that case controls the determination here.

[1]Reported in 325 P. (2d) 296.

The facts are not in serious dispute. The parties have three children who, at the time of the trial, were of the ages of ten, seven, and three years. By finding No. 13, the court found that the mother was not a fit person to have the custody.

Appellant wife testified she instituted the action because of her intention of marrying another man who had recently been divorced. The court granted the respondent husband a divorce on his cross-complaint and denied appellant a divorce.

Both parties are gainfully employed during the day. The appellant's mother, who is devoted to the children, cared for them while their parents were at work. The grandmother testified she was willing to continue to do so. The trial court was of the opinion this arrangement should not be disturbed. We agree.

Appellant wife and the man for whose professed love she initiated this divorce action both testified that they would take the children to live with them in a new home yet to be established. The home may never be established, but if it is its character has not been determined. The welfare of the children sustains the trial court's judgment, which is affirmed.