[No. 34691. Department One. February 5, 1959.]

CLARABEL M. STRATTON, *Appellant*, v. ALBERT M. STRATTON, *Respondent*.[1]

*Dwyer, Mijich & Guterson,* for appellant.

*Mifflin & Mifflin,* for respondent.

HUNTER, J.—This appeal involves a petition for a change of custody of the two minor children of the parties. The

[1]Reported in 335 P. (2d) 39.

divorce decree entered on August 5, 1955, awarded custody of the minor daughter to the plaintiff, and custody of the minor son to the defendant. The ages of the children are three and nine years, respectively, the son being the older. After the divorce became final, the plaintiff remarried and sold the home she was awarded by the decree. The plaintiff then moved out of the state with the minor daughter and her husband, James E. Davis, whom she had subsequently married.

Later, upon petition, the defendant succeeded in having custody of the minor daughter awarded to him, in pursuance of a decree of modification entered January 15, 1957. Plaintiff appeared and contested the action but did not appeal. About two months thereafter, plaintiff brought this action petitioning the court to change the custody of the children to her. Defendant cross-petitioned, seeking termination of the thirty-day summer visitation period granted to the plaintiff.

The trial court found that the plaintiff's situation had changed only in that she and her husband (James E. Davis) had constructed a very desirable three-bedroom residence in a rural area in which they now reside; that the plaintiff's husband was not a fit and proper person to associate with and live permanently with the minor children; that the son gets along better with the defendant than with the plaintiff; that the plaintiff had made the son nervous by discussing pending custody proceedings with him; that the welfare of the children required that they should continue to be in the custody of the defendant; that the plaintiff's thirty-day visitation period should be shortened to two weeks, and increasing the visitation period for other times during the year by permitting plaintiff to have both children with her on alternate weekends and certain holidays. Formal findings of fact and conclusions of law were entered, and the decree was modified accordingly. The plaintiff has appealed.

Included in this appeal is a motion to dismiss by the respondent. The motion is based upon the fact that the appeal bond was filed February 19, 1958, and should have been

filed with the notice of appeal on January 20, 1958, or within ten days thereafter, relying on Rules on Appeal 22, 32, 34A. Wn. (2d) 7, 12, as amended, effective March 1, 1957.

■ In effect, these rules provide that such a failure of compliance is not jurisdictional and granting a motion for dismissal on this ground is within the discretion of this court. There is no showing that the respondent has been prejudiced by the appellant's non-compliance in this instance. Therefore, we feel a dismissal of the appeal is not justified. The motion will be denied.

The appellant assigns error to certain findings of the trial court relative to custody and visitation; to the refusal of the court to enter certain proposed findings of fact of the appellant; to the failure to make a specific finding regarding the fitness of the appellant; to the admission of a certain exhibit; to the refusal of the court to admit certain evidence to show the desire of the children to be with the mother; and the court's refusal to ascertain the preference of the children by interviewing them in its chambers.

■■ We are now committed to the established rule of law adopted by this court, that the best interests and welfare of the children are the paramount and controlling considerations in child custody cases and *we will not disturb the custody disposition made by the trial court in the absence of a showing of a manifest abuse of discretion.* (Italics ours.) *Sweeny v. Sweeny,* 43 Wn. (2d) 542, 262 P. (2d) 207 (1953); *Chatwood v. Chatwood,* 44 Wn. (2d) 233, 266 P. (2d) 782 (1954); *Patterson v. Patterson,* 51 Wn. (2d) 162, 316 P. (2d) 902 (1957); *Sweeny v. Sweeny,* 52 Wn. (2d) 337, 324 P. (2d) 1096 (1958); *Johnson v. Johnson, ante* p. 107, 330 P. (2d) 1075 (1958).

■ With the above rule in mind, it does not appear necessary to bare the private lives of the parties herein concerned for a determination of this case. It is enough to say that we have made a careful examination of the record and find the children have prospered from the devotion and care given and provided by the respondent father; that liberal visitation privileges have been allowed the appellant mother; that there is substantial evidence to support the

trial court's findings, and there has been no manifest abuse of the trial court's discretion regarding its disposition of the custody of the children.

■ Appellant contends that the court erred in failing to make a specific finding regarding appellant's fitness or unfitness to have custody of the minor children, citing *Hansen v. Hansen*, 43 Wn. (2d) 520, 262 P. (2d) 184 (1953), where we remanded a case for the purpose of making just such a specific finding. We said:

*"Where because of the failure of the trial court to make an essential finding of fact this court is unable to determine the propriety of a provision in a divorce decree, the case will be remanded with instructions to enter such a finding.*
. . .

"On the present state of the record, we are not in a position to determine what custody provision the welfare of the children requires. We can only hold that the trial court erred in failing to make a finding as to respondent's fitness or unfitness to have the custody of the children and, in the absence of a finding that she is a fit and proper person, in permanently decreeing that they shall be brought up in a home where they will be largely under her supervision and influence." (Italics ours.)

The failure of the trial judge to make the specific finding as to the fitness or unfitness of the mother to have custody of the children in the instant case does not result in this court being unable to determine the propriety of the trial court's decision. As heretofore stated, there was substantial evidence adduced upon which to base the trial court's determinations. In *Patterson v. Patterson, supra,* we said:

" . . . In any event, under the circumstances, the failure of the trial court to enter a specific finding negating the fitness of the mother to have the custody of the children is of no legal significance. The trial judge found that the father was a fit and proper person, and that he should have the custody of the children. The record supports these determinations."

We have considered the remaining assignments of error and find them to be of insufficient importance to affect the

outcome of this appeal, and therefore they do not merit our discussion.

For the reasons heretofore stated, the judgment should be affirmed.

It is so ordered.

MALLERY, HILL, FINLEY, and OTT, JJ., concur.