[No. 34816.   Department One.   February 19, 1959.]

CORAL APPLEGATE, *Appellant*, v. DOUGLAS G. APPLEGATE, *Respondent*.[1]

*Altha P. Curry*, for appellant.

*Elvidge, Watt, Veblen & Tewell* and *Luther C. Martin*, for respondent.

DONWORTH, J.—In this divorce action, respondent, Donald Applegate, prevailed on his cross complaint. The trial court held the evidence insufficient to support a decree of

[1]Reported in 335 P. (2d) 595.

divorce on cruelty grounds, as alleged by appellant, and dismissed her complaint. She appeals.

■ Appellant's eighth and ninth assignments of error are directed to the refusal of the trial court to grant her a decree of divorce. For the reasons stated in *Smith v. Smith,* 45 Wn. (2d) 672, 277 P. (2d) 339 (1954), these assignments are without merit. The decree entered gives appellant the ultimate relief which she sought—a dissolution of her marriage. Hence, the court's error, if any, was without prejudice to appellant. *Cf. Skaare v. Skaare,* 52 Wn. (2d) 273; 324 P. (2d) 815 (1958).

The principal issue on this appeal, however, is the propriety of that portion of the decree which awards to respondent the custody of two minor daughters of the parties (born September 30, 1955, and April 17, 1957, respectively) and allows appellant liberal rights of visitation.

The trial judge did not consider it necessary to enter specific findings of fact as to the fitness or unfitness of either parent to have custody of their children. He did, however, find "that the welfare of said minor children will be best served by awarding the care and custody of said minor children to the defendant, Douglas Applegate." That respondent is not unfit is implicit in this finding.

Appellant contends that (a) since she was not found to be unfit, and the evidence failed to support such a finding, she is, as a matter of law, entitled to custody of her children of "tender years"; and, (b) absent a finding of her unfitness, the trial court is without discretion to award custody to respondent.

■■ These arguments were squarely rejected by this court recently in *Patterson v. Patterson,* 51 Wn. (2d) 162, 316 P. (2d) 902 (1957), and in *Johnson v. Johnson, ante* p. 107, 330 P. (2d) 1075 (1958). In both cases, we quoted with approval certain guiding principles laid down in *Chatwood v. Chatwood,* 44 Wn. (2d) 233, 266 P. (2d) 782 (1954), which need not be repeated here. In the *Patterson* case, we said:

" . . . the failure of the trial court to enter a specific finding negating the fitness of the mother to have the cus-

tody of the children is of *no legal significance.*" (Italics ours.)

And, further,

"The so-called 'tender years doctrine,' . . . is merely one facet of the more basic principle: *that the best interests and welfare of the children is the controlling consideration in child custody cases.*"

■ Furthermore, we have consistently recognized that the trial court must have a wide latitude of discretion in such matters, and that its disposition of custody will not be disturbed in the absence of a manifest abuse of discretion. *Stratton v. Stratton, ante* p. 558, 335 P. (2d) 39 (1959); *Johnson v. Johnson, supra; Siewert v. Livermore,* 52 Wn. (2d) 375, 325 P. (2d) 293 (1958); *Sweeny v. Sweeny,* 52 Wn. (2d) 337, 324 P. (2d) 1096 (1958); *Patterson v. Patterson, supra.*

We do not find it necessary to set forth in detail the events which gave rise to the marital discord which existed between the parties.

In this case, the trial court was obliged to decide which of two parents (neither of whom was found to be unfit) should have custody of their children. The court, having in mind the best interests and welfare of the children, resolved this issue in favor of respondent and entered the finding of fact above quoted.

In reaching its conclusion on this issue, the court considered the existing situation of the respective parents at the time of trial in March, 1958. Appellant was then pregnant with her third child and was residing with her parents in North Bend. She was employed at the time the parties separated, and she intended to marry another person after her divorce from respondent. The trial court was of the opinion that, in any event, appellant would have to obtain employment after the birth of her third child because, even if her planned marriage should take place, the income of her prospective husband would be insufficient to meet all his family obligations. On the other hand, respondent maintained a suitable home in Factoria. His widowed mother, then fifty-three years of age, who lived with him, agreed to care for the children.

It is thus apparent that the trial court had to decide whether the welfare of the children would be better served by permitting them to continue living with their mother in the home of their maternal grandparents, or by placing them in their father's home, where they would be cared for by their paternal grandmother.

■ ■ In view of the unsettled conditions which surrounded the life of appellant at the time of trial, as disclosed by our review of the record, we cannot say that the court then abused its discretion in awarding custody to respondent. Of course, custody orders are continuing in nature and may be modified upon a showing of a material change of conditions. *Schaefer v. Schaefer*, 36 Wn. (2d) 514, 219 P. (2d) 114 (1950); *cf. Munroe v. Munroe*, 49 Wn. (2d) 453, 302 P. (2d) 961 (1956).

Since we cannot say that the court erred in resolving the child custody matter as it did on the basis of the facts existing at the time of the trial, no occasion or necessity exists (as in *Saffer v. Saffer*, 42 Wn. (2d) 298, 254 P. (2d) 746 (1953), wherein the trial court's award of custody was changed on appeal) for remanding this case for the reception of additional evidence. If, subsequent to the trial, circumstances concerning appellant's ability to provide a suitable environment for the children have materially changed so that their welfare would be better promoted by being placed in appellant's custody, she may petition for a change in the pertinent provisions of the decree.

The decree is in all respects affirmed.

WEAVER, C. J., MALLERY, OTT, and HUNTER, JJ., concur.