[No. 35396.    Department Two.    July 28, 1960.]

RICHARD J. BJORNEBY, *Respondent*, v. DONNA L. BJORNEBY, *Appellant*.[1]

*Terence Hanley* (of *Arthur & Hanley*), for appellant.

*Greenwood, Shiers & Presser* (*Ray R. Greenwood*, of counsel), for respondent.

FOSTER, J.—Respondent husband sued for divorce. Appellant wife cross-complained. Each was granted a divorce. The parties' three children were awarded to the husband on the condition that his mother, who was specifically found to be a fit person, would assist in the children's care. The wife appeals from the custody provisions.

Appellant contends that, because the trial court failed to make a specific finding that the husband was a fit person

[1]Reported in 354 P. (2d) 384.

to care for the children, the custody award was erroneous, and the case should be remanded for further proceedings. In support, she cites *Potter v. Potter*, 46 Wn. (2d) 526, 282 P. (2d) 1052, which in turn relies on *Hansen v. Hansen*, 43 Wn. (2d) 520, 262 P. (2d) 184. Those cases are premised on the circumstance, here absent, that the record did not disclose the trial court's resolution of the issue of the party's fitness, and this court on appeal was, therefore, not in a position to pass on the propriety of the custody award.

■    Recently, in *Malfait v. Malfait*, 54 Wn. (2d) 413, 341 P. (2d) 154, we had occasion to deal with another situation where the court failed to make formal findings. We there held:

"The recitals in the order of modification, when read in the light of the oral decision, clearly reveal the facts which were relied upon by the trial court in making its order. If the appellant felt that he was in any way prejudiced by the lack of more formal findings, he should have made a timely motion to vacate the judgment of the trial court. Superior Court Rule 15, 34A Wn. (2d) 116, as amended effective March 27, 1952. Under these circumstances, appellant must be deemed to have waived any error in this respect."

Likewise, here the trial court's oral opinion reveals what it deemed to be the facts respecting respondent's fitness and that its decision was based thereon. The failure of the trial judge to make a specific finding as to the father's fitness to have custody of the children does not result in this court's being unable to determine the propriety of the trial court's decision. *Stratton v. Stratton*, 53 Wn. (2d) 558, 335 P. (2d) 39. Further, the appellant has not claimed that she was prejudiced thereby. Implicit in the findings is the fact that the court found the mother unfit.

■    Error is assigned to findings of fact, which, however, are supported by very substantial evidence. Factual disputes are not retried upon appeal.[2]

■■    Error is also assigned to the trial court's conclu-

[2]*Zvolis v. Condos, ante* p. 275, 352 P. (2d) 809; *Thorndike v. Hesperian Orchards*, 54 Wn. (2d) 570, 343 P. (2d) 183; *Kelly v. Kelly*, 55 Wn. (2d) 494, 348 P. (2d) 652; *Stewart v. Smith*, 55 Wn. (2d) 563, 348 P. (2d) 970.

sions relative to custody. The best interests and the welfare of the children are the paramount and controlling considerations in child custody problems, and we will not disturb the custody provision in a divorce decree except for a manifest abuse of discretion. *Stratton v. Stratton, supra.* The so-called "tender years doctrine" is not in itself determinative. It is merely one facet of the basic principle that the welfare of the child is controlling. *Johnson v. Johnson,* 53 Wn. (2d) 107, 330 P. (2d) 1075; *Patterson v. Patterson,* 51 Wn. (2d) 162, 316 P. (2d) 902.

The trial court's findings and disposition are supported by substantial evidence. The court did not abuse its discretion.

Other assignments of error depend upon those discussed and are, consequently, without merit. Affirmed.

WEAVER, C. J., MALLERY, FINLEY, and ROSELLINI, JJ., concur.