[No. 35325. Department One. September 1, 1960.]

LOLA KATHRYN THOMPSON, *Appellant,* v. DAVID E. THOMPSON, JR., *Respondent.*[1]

*H. G. Sutton* and *Johnston & Raley,* for appellant.

*Severyns & Moffett,* for respondent.

[1]Reported in 355 P. (2d) 1.

MALLERY, J.—This is an action for divorce. The trial court granted the plaintiff a divorce and awarded her property in the amount of seventy-five thousand dollars. She was given custody of the eleven-year-old daughter of the parties, with child support in the amount of one hundred dollars a month, and fifteen hundred dollars for attorneys' fees. Custody of the thirteen-year-old son of the parties was awarded to the defendant. The plaintiff appeals.

The parties were married in 1944. He was twenty-nine years old and she was seventeen. He had property stipulated to be worth $541,490, which he had inherited from his father. She had nothing. No community property was accumulated during the marriage. At the time of the divorce, his separate estate was worth approximately one-half million dollars.

 Upon appeal, appellant contends that she should have been awarded one half of respondent's separate estate. The disposition of property in divorce actions is within the wide discretionary powers of the trial court, and this court will not substitute its judgment unless there has been a *manifest abuse* of that *discretion. Edwards v. Edwards,* 47 Wn. (2d) 224, 287 P. (2d) 139.

 The statutory guide for the exercise of the court's discretion is found in RCW 26.08.110, which provides, *inter alia:*

". . . If the court determines that either party, . . . is entitled to a divorce . . . judgment shall be entered . . . granting the . . . divorce . . . and making such disposition of the property of the parties, either community or separate, *as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by such divorce . . . to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children,* and shall make provision for costs, and for the custody, support and education of the minor children of such marriage. . . . " (Italics ours.)

It appears from the record that the appellant is young, attractive, and in good health. *All* of the property involved is the separate property of the respondent. Her equitable

claim, under the statute, is, therefore, measured by her needs, and the condition in which she will be left by the divorce, not by the amount of the award to him of his separate property. Under these circumstances, we are not prepared to say that the property distribution decreed by the trial court was an abuse of discretion.

The appellant wants to put their son in a boarding school and contends the trial court should not have awarded his custody to the respondent. In *Stratton v. Stratton,* 53 Wn. (2d) 558, 335 P. (2d) 39, we said:

"We are now committed to the established rule of law adopted by this court, that the best interests and welfare of the children are the paramount and controlling considerations in child custody cases and *we will not disturb the custody disposition made by the trial court in the absence of a showing of a manifest abuse of discretion.* . . . "

We think there was no abuse of discretion in view of the son's age; his specific request to live with his father; and the respondent's ample financial ability to support and educate him. The respondent's major defect, according to the appellant, is that he is a drunkard. The respondent admits that he drinks beer, but nothing in the record indicates that he has ever been intoxicated in public or that his drinking habit renders him incompetent in any way. The appellant also asserts that the respondent does not bathe as often as he should.

While these traits are not commendable, we do not think that they so conclusively incapacitate the respondent to take proper care of the boy as to make it an abuse of discretion for the trial court to find that he was a fit and proper person to have his custody.

The appellant contends that the award of fifteen hundred dollars for attorneys' fees was too small, but the record reveals that no evidence was offered on that question. In *Fiske v. Fiske,* 48 Wn. (2d) 69, 290 P. (2d) 725, we said:

"The request for attorney's fees was not supported by any testimony, but was directed to the unaided discretion

of the trial court. We will not review such a request except for manifest abuse, which we do not find in this case."

The judgment is affirmed.

DONWORTH, FINLEY, OTT, and HUNTER, JJ., concur.