[No. 37733.  Department One.  April 22, 1965.]

VALERIE M. PESSEMIER, *Respondent,* v. DONALD JAMES PESSEMIER, *Appellant.*\*

\*Reported in 401 P.2d 351.

*Burkey, Marsico & Rovai,* by *Robert L. Rovai,* for appellant.

*Murray, Scott, McGavick & Graves,* by *Edward M. Lane,* for respondent.

STAFFORD, J.†—Valerie and Donald Pessemier were divorced March 1, 1964. Mrs. Pessemier was awarded the care, custody and control of their infant daughter. Mr. Pessemier was required to pay $100 a month for child support. He contends that the amount is excessive.

For several years prior to trial, Mr. Pessemier was employed by the Warren-Soule Company as a salesman. He received a commission of 3½ per cent with a guaranteed minimum salary of $550 a month. During 1963, he earned an average net income of $572 a month. His employer offered to increase the basic minimum salary to $600 a month in 1964.

On January 1, 1964, he changed employment to improve his financial status. He accepted a position with Archie Goldsmith & Bro., Inc., as a salesman. The new job assured him of commissions ranging from zero to 7½ per cent depending upon the type of merchandise sold. It also guaranteed him a basic minimum "draw" of $650 a month against commissions.

Mr. Pessemier questions neither the divorce nor the custody of his child. However, he asserts that there is no evidence to support the trial court's finding of fact that he "is presently employed as a salesman . . . with a net income of $550.00 per month . . ." He contends that, at the time of trial, he had been working in his new position

---

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to art 4, § 2(a) (amendment 38), state constitution.

only a month and a half and did not have a "net income" of $550 a month.

The challenged finding of fact neither defines "net income" nor provides a formula for its determination. Thus, it must be given its ordinary meaning as used in general accounting practice, rather than any special meaning it may have under the federal income tax laws. *Sturtevant v. Sturtevant,* 146 Conn. 644, 153 A.2d 828, 79 A.L.R. 2d 604 (1959). However, under the limited facts of this case, there will be little difference in result under either test. As thus considered, "net income" ordinarily consists of total income received from all sources, less the legitimate expenses in realizing it. *Sturtevant v. Sturtevant, supra.*

In computing "net income", Mr. Pessemier deducted from his total income many expenditures which were not legitimate business expenses. For example, he had no automobile of his own. He leased an automobile for his personal pleasure and for use in his work as a salesman. However, he deducted the *entire* cost of rental, gas, oil, storage, and insurance as a business expense. No portion of these costs was prorated to his personal use. His entertainment expense was treated in a similar manner; no consideration was given to obvious nonbusiness personal benefits derived from it.

In computing "net income", he also deducted federal withholding tax solely attributable to his personal income. Granted, federal income tax is a very real factor in determining one's cost of living. As a practical matter, it is considered in determining the amount of money that an employee takes home with him on payday. However, it is not an expense of doing business as an employed salesman. The finding of fact is challenged on the basis of "net income" not "take home pay". They are distinguishable.

We have considered the total financial picture. The trial court's finding of fact is amply supported by the evidence.

Mr. Pessemier also maintains that the award of child support is excessive. We have considered both the need of the child and the income of the father and cannot find that the trial court abused its discretion. Child support is a matter that is peculiarly within the discretion of the

trial court. This court will not substitute its judgment for that of the trial judge. *Hathaway v. Hathaway,* 23 Wn.2d 237, 160 P.2d 632 (1945).

The judgment is affirmed.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.