[No. 30207. Department One. July 8, 1947.]

MAXINE GOODWIN KEEN, *Appellant*, v. WILLIAM N. GOODWIN, *Respondent.*[1]

*Fred S. Merritt* and *Kenneth A. Cole,* for appellant.

*Clay Nixon* and *Ralph C. Hove,* for respondent.

SIMPSON, J.—This proceeding has to do with the payment of alimony and support money. Prior to September 14, 1943, plaintiff and defendant were husband and wife, and had three children. On the above-mentioned date, an interlocutory order of divorce was made and entered by the superior court of King county. That order granted plaintiff a divorce, the custody of the children, certain property, and

[1] Reported in 182 P. (2d) 697.

two hundred dollars per month "toward the support and maintenance of plaintiff and her children." In passing, it is in order to state that the financial arrangement made by the court was in accord with an agreement entered into by the parties to the action. A final decree of divorce was subsequently entered.

November 18, 1946, plaintiff caused a writ of garnishment to be issued, directed to a Tacoma bank. The bank answered that defendant had on deposit the sum of $640.19. Plaintiff filed a motion for judgment against the bank as garnishee defendant, and defendant countered with a motion to dissolve the writ, later substituting therefor a petition to recall and quash the writ of garnishment. After a hearing, the court entered its order granting defendant's petition.

Plaintiff has appealed to this court. Her assignments of error call in question the action of the trial court in quashing the writ of garnishment.

Respondent paid the sum of two hundred dollars per month to appellant until January 13, 1944, at which time he enlisted in the marine corps. Thereafter, until respondent's discharge from the service, appellant received only the amount allowed by the government to the family of a man in the armed service. These allowances were in an amount less than that provided by the court. Appellant claims that she is entitled to recover the difference between the amount she received and that allowed by the divorce decree. Respondent, on the other hand, takes the position that the family allowance provided by Federal statute, 37 U.S.C.A., §§ 201-221 inclusive, was a substitute for the allowance provided by the court's decree.

A reading of the provisions of the statute just cited, does not bring to light any reference to setting aside decrees which provide for the payment of support money for children and a divorced wife. Therefore, before the statute could be said to apply, it would be necessary to imply a reference from the intent of the act itself. We are unable to so hold. The act provided for the care of dependents during the time a man was in the service, the evident purpose of which was two-fold—to see to it that his dependents

would not be in want, or a care upon the local community, and to relieve the serviceman from concern for the well-being of his family.

There is nothing in the act which limits the serviceman's responsibility during his service. It is clearly apparent that he would be responsible for any family necessity, even though it was in excess of the allowance provided by the government. In this case, the court concluded that it was necessary for respondent's family to receive the sum of two hundred dollars per month. Respondent had arrived at that conclusion himself at the time he made the settlement with his wife prior to the trial of the divorce action.

■■ The most compelling reason for holding that the Federal statute did not supersede the court's decree, is that no law passed by state or Federal law-making bodies can set aside, nullify, or modify a court's judgment. Appellant had a vested right in the decree allowing her two hundred dollars support money, and no power could take it from her, except the reserved right of the court to modify, as provided by state law in force at the time the decree was entered.

Judgment of the trial court is reversed.

MILLARD, HILL, and ABEL, JJ., concur.

MALLERY, C. J., dissents.

---

August 25, 1947. Petition for rehearing denied.