[No. 38518.    Department Two.    February 23, 1967.]

ZOLA WEAVER, *Respondent,* v. ODILO BRUCE WEAVER, *Appellant.**

*Smith, Smith & Smith,* by *Del Cary Smith,* for appellant.

*Thomas Malott* and *Robert A. Southwell,* for respondent.

PER CURIAM.—This is an appeal from a decree granting each party a divorce and apportioning their community property between them.

The background facts may be briefly stated. The parties were married in 1949. At the time each had children by prior marriages, the wife two boys ages 14 and 18, and the husband one boy. Both parties were employed, the wife as a school teacher and the husband as a railway express messenger. Each continued to work throughout the marriage and between them they accumulated a home, furniture, and several automobiles. Both contributed sums of money from their individual earnings toward the education

*Reported in 424 P.2d 637.

of their respective children. In this respect the wife contributed upwards of $9,000 toward her two sons' successful pursuit of a law degree and a teacher's certificate. The husband's son did not complete his college education and his financial requirements were accordingly less. Of the wife's contribution to her sons' education, $1,500 was in the nature of a loan. Of the husband's contribution to his son's needs, $500 was by way of a loan. Commencing in 1960, the marriage of the parties encountered difficulties. The wife contended the husband's drinking begat quarrelsomeness and abuse. The husband asserted the wife incessantly nagged. Their differences culminated in this divorce action by which each sought a divorce from the other.

The trial court, after hearing the evidence presented on behalf of the respective parties, granted each a divorce, made a just division of the personal property, granted each an undivided one-half interest in the home, provided a method by which the home could be acquired by one or the other of the parties, and allowed appropriate credits on the outstanding loans to the parties' children.

On appeal, the husband contends the trial court erred in (1) granting a divorce to the wife, and (2) in dividing the property without, according to him, appropriate credit for (a) the total amounts advanced by the wife toward her children's education, and (b) an outstanding loan against his life insurance.

■ We need not dwell long upon the first claim of error. Suffice it to say, our reading of the record satisfies us that the trial court's finding of grounds for divorce in favor of the wife is supported by substantial evidence. In any event, it is not such a claim of error as could be characterized as prejudicial, since the decree that was entered produced the result sought by the husband on his cross complaint—the divorce of the parties. *Dakin v. Dakin*, 62 Wn.2d 687, 384 P.2d 639 (1963); *Skaare v. Skaare*, 52 Wn.2d 273, 324 P.2d 815 (1958); *Merkel v. Merkel*, 39 Wn.2d 102, 234 P.2d 857 (1951).

■ We likewise find minimal merit in the second claim of error. The trial court, under RCW 26.08.110, has a wide

latitude in the disposition to be made of the property of the parties in a divorce action, and only a manifest abuse of discretion justifies this court in substituting its judgment for that of the trial court in connection with the property division decreed. *Root v. Root,* 64 Wn.2d 360, 391 P.2d 962 (1964); *Robuck 'v. Robuck,* 62 Wn.2d 917, 385 P.2d 50 (1963); *Nelson v. Nelson,* 61 Wn.2d 608, 379 P.2d 717 (1963); *Thompson v. Thompson,* 56 Wn.2d 683, 355 P.2d 1 (1960); *Edwards v. Edwards,* 47 Wn.2d 224, 287 P.2d 139 (1955). We find no such abuse of discretion here.

The decree, findings, and conclusions appealed from are affirmed. Respondent shall recover her costs and an attorneys' fee in the amount of $350.