[No. 1870-1. Division One—Panel 2. January 8, 1973.]

JOHN EARL SPROSTON, *Respondent*, v. ISABEL STELLA SPROSTON, *Appellant.*

*Norman B. Ackley,* for appellant.

*James J. Keesling,* for respondent.

FARRIS, A.C.J.—Isabel Sproston appeals from a summary judgment terminating her former husband John Sproston's obligation to make child support payments for their son Robert on the sole ground that he had attained the age of 18 years. The divorce decree of March 7, 1969, provided:

> Plaintiff is ordered to pay to defendant the sum of $65.00 per month, . . . until the child concerned shall have reached twenty-one years of age, marries, becomes emancipated, or until further Order of the Court.

None of the specified conditions have been met but the legislature enacted RCW 26.28.010 which became effective August 9, 1971, providing that:

> Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years.

In this jurisdiction

> The father's liability under a decree for the support of a minor child ceases when the child reaches its majority.

*Herzog v. Herzog,* 23 Wn.2d 382, 385, 161 P.2d 142 (1945).

Robert's 18th birthday was October 26, 1971. His father argues that his obligation to support should therefore be terminated. The trial court agreed and granted the motion for summary judgment. We reverse.

The question of whether RCW 26.28.010 could be applied retroactively was before the Supreme Court in *Baker v. Baker,* 80 Wn.2d 736, 741, 498 P.2d 315 (1972). The court held:

> It is the rule in this state that a legislative enactment is presumed to apply prospectively only, and will not be held to apply retrospectively unless such legislative intent is clearly expressed or to be implied. . . . We find nothing in the new legislation to indicate that it is intended to have retroactive application.

Mr. Sproston is aware of this decision but argues that it is not applicable here because the case deals with unpaid support payments. We reject the argument.

> Under our repeated holdings, each installment of alimony or child support, when unpaid, becomes a separate judgment and bears interest from the due date.

*Roberts v. Roberts,* 69 Wn.2d 863, 866, 420 P.2d 864 (1966). Although strictly speaking support payments do not become judgments until they become due, the divorce decree vests the right to receive those payments as they become due unless the decree is modified by order of the court.

> Appellant had a vested right in the decree . . . and no power could take it from her, except the reserved right of the court to modify, as provided by state law in force at the time the decree was entered.

*Keen v. Goodwin,* 28 Wn.2d 332, 334, 182 P.2d 697 (1947). RCW 26.28.010 did not affect the obligation to support the child of the parties. That obligation is subject to modification or termination upon a proper showing but such showing has not been made.

Reversed.

SWANSON and JAMES, JJ., concur.