[No. 835-3.    Division Three.    December 21, 1973.]

LUCRETIA L. WAYMIRE, *Respondent*, v. WAYNE C. WAYMIRE, *Appellant*.

*Wallace A. DeLong* (of *Lund, Franklin & DeLong*), for appellant.

*Jack L. Burtch,* for respondent.

GREEN, C.J.—On April 14, 1967, plaintiff, Lucretia L. Waymire, was granted a decree of divorce from the defend-

ant, Wayne C. Waymire. She was awarded custody of their three minor children, and the defendant was directed to pay child support "until the children reach their majority or are sooner self-supporting." At the time this decree was entered, the age of majority was 21 years. RCW 26.28.010. Effective August 9, 1971, RCW 26.28.010 was amended by Laws of 1971, 1st Ex. Sess., ch. 292, § 1, p. 1603, to reduce the age to 18 years:

> Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years.

On November 6, 1971, the eldest child of the parties reached 18 years of age.

The sole question presented on appeal is whether the amendment of August 9, 1971, reducing the age of majority to 18 years operates to relieve the defendant of his obligation under the divorce decree to support the eldest child after that child reached 18 years of age on November 6, 1971. The trial court, relying upon *Baker v. Baker,* 80 Wn.2d 736, 498 P.2d 315 (1972), held that since the divorce decree was entered prior to the effective date of the amendment and at that time the age of majority was 21 years, the defendant was obligated to support the child until that child reached 21 years of age. Defendant appeals from that ruling.

In *Baker,* a decree of divorce entered April 6, 1971, directed the father to pay child support and college expenses for a minor daughter in the custody of the mother "[u]ntil such time as she shall reach the age of 21 years, becomes self-supporting or married, whichever shall first occur, . . ." At the time of the entry of the divorce decree, the daughter was 13 years of age. On appeal, the father assigned error to the order of the trial court requiring him to pay child support until the minor daughter reached 21 years of age upon the ground that the age of majority was lowered to 18 years by the August 9, 1971,

amendment to RCW 26.28.010. The Supreme Court rejected this contention, stating:

> It is the rule in this state that a legislative enactment is presumed to apply prospectively only, and will not be held to apply retrospectively unless such legislative intent is clearly expressed or to be implied. . . . Further, the legislature is without power to set aside, annul, or change the liability upon a judgment affecting solely the rights of private parties by the enactment of a general law. *Keen v. Goodwin*, 28 Wn.2d 332, 182 P.2d 697 (1947); *Springstun v. Springstun*, 131 Wash. 109, 229 P. 14, 40 A.L.R. 595 (1924). The decree of divorce and judgment in this case were entered on April 6, 1971. On that date, the age of majority was 21 years as defined under RCW 26.28.010. Laws of 1971, 1st Ex. Ses., ch. 292, § 1, p. 1603, which amended RCW 26.28.010 and lowered the age of majority to 18 years for purposes applicable to that statute, did not become effective until August 9, 1971, 4 months after the judgment was entered in this case. We find nothing in the new legislation to indicate that it is intended to have retroactive application.
>
> We hold that Laws of 1971, 1st Ex. Ses., ch. 292, § 1, p. 1603, is not retroactive and does not apply to judgments entered in divorce decrees prior to August 9, 1971, the effective date of the enactment. Therefore, it was entirely within the authority of the trial court in this case to make provisions for the support and education of the child of the parties until the child reached the age of 21 years. Whether the legislation lowering the age of majority to 18 years applies, under RCW 26.08.110, to support and education provisions in divorce decrees entered subsequent to August 9, 1971, is not properly before us at this time since the rights of the parties to this action are not affected thereby. We therefore do not decide that question.

The defendant contends that *Baker* is distinguishable upon the ground that the decree in the instant case provides for support until the children reach the age of "majority," rather than "21 years." We are inclined to agree with the trial judge who responded to this argument by saying:

> As a practical matter, whether divorce decrees use the wording, "age of twenty-one" or "age of majority", de-

pends upon the preferred language of the particular lawyer who wrote the decree, not the intent of the party or the judge. The intent and meaning was the same. . . .

Whatever the reasons why lawyers chose to use the different phraseology, I cannot order a father to pay support money for three additional years simply because, by the luck of the draw, he chose a lawyer who liked "age of twenty-one" in his divorce papers.

At the time of the entry of the decree in this case, the age of majority was twenty-one. This is what everyone had to have in mind and intend in using the phrase, "age of majority".

Thus, we find the *Baker* case to be indistinguishable and controlling.

In *Springstun v. Springstun*, 131 Wash. 109, 113, 229 P. 14, 40 A.L.R. 595 (1924), cited with approval in *Baker*, the court determined the effect of an amendment increasing the age of majority for females from age 18 to age 21 upon a prior divorce decree providing for the payment of support "during the minority" of a female child. In that case, the Supreme Court determined that since the decree was entered prior to the amendment the obligation for support existed only until the female child became 18 years of age and the amendment increasing that age to 21 years did not affect the obligations created under a prior decree. In reaching that result, the court said:

We need not argue, we think, that the legislature is without power to set aside, annul, or change the liability upon a judgment affecting solely the rights of private parties by the enactment of a general law. It may possibly, after entry, change the rule of procedure for enforcing judgments, such as the manner of issuing execution, conducting sales, making redemption, and the like, but it is without power to affect the substantive rights of the parties to a judgment. A judgment is property, and is as much protected by the fundamental law against invasion by the legislative body as is any other species of property.

█ The defendant contends the court is without jurisdiction to direct a parent to provide for support after the child attains majority. RCW 26.08.110; *Sutherland v. Suth-*

*erland,* 77 Wn.2d 6, 459 P.2d 397 (1969); *Ditmar v. Ditmar,* 48 Wn.2d 373, 293 P.2d 759 (1956); *Van Tinker v. Van Tinker,* 38 Wn.2d 390, 229 P.2d 333 (1951); *Herzog v. Herzog,* 23 Wn.2d 382, 161 P.2d 142 (1945). It is apparent the court in *Baker,* at page 742, had this rule in mind when it modified the trial court's order terminating payment of college expenses upon the child's reaching 21 years of age. In light of *Baker,* we reject defendant's contention.

Plaintiff has moved for attorney's fees on appeal. This motion should be presented to the trial court following the remittitur in this case. *Baker v. Baker, supra* at 748.

Judgment affirmed.

MUNSON and MCINTURFF, JJ., concur.

Petition for rehearing denied February 8, 1974.

Review denied by Supreme Court March 18, 1974.