778

[No. 1208-2.   Division Two.   February 21, 1975.]

GEORGE L. CUNNINGHAM, *Appellant*, v. RUBY J. CUNNINGHAM, *Respondent*.

*Frederick O. Frohmader*, for appellant.

*James M. Healy, Jr.*, and *G. Patrick Healy*, for respondent.

ARMSTRONG, C.J.—This appeal from a judgment modifying an award of child support raises a first impression issue in this state. Does the new age of majority act, which took effect subsequent to a divorce but prior to modification of support, apply to the modification order? We hold that for this purpose a modification proceeding is a continuation of the original divorce action which created a vested right to support unless modified by the court. The new age of majority act does not apply.

The parties to this action were divorced on April 3, 1964. The decree provided that George Cunningham was to pay $50 per month per child for the support of the three minor children of the marriage "until each child reaches the age of 21 years or is sooner self-supporting." On May 22, 1970, Ruby Cunningham petitioned the court for modification of

the support award. An order was entered increasing the support to $100 per month for each child "until each reaches the age of twenty-one years, becomes self-supporting or otherwise emancipated." The order is dated September 4, 1973, "effective as of June 1, 1971."

At the time of this decree, a court could not order a divorced parent to support a child beyond the age of majority.[1] *Baker v. Baker*, 80 Wn.2d 736, 498 P.2d 315 (1972). When the divorce decree was entered in 1964 the age of majority was 21 years of age. The new age of majority act, amending RCW 26.28.010 and changing the age of majority to 18 years of age, was effective August 9, 1971. Laws of 1971, 1st Ex. Sess., ch. 292, § 1. However, it does not apply retroactively to divorce decrees entered before this date. *Baker v. Baker, supra.*

George Cunningham contends that *Baker* does not govern here because the modification action was a new proceeding to which the new age of majority act applies. In support of this argument he cites a line of cases culminating with *State ex rel. Mauerman v. Superior Court*, 44 Wn.2d 828, 271 P.2d 435 (1954), and *Lambert v. Lambert*, 66 Wn.2d 503, 403 P.2d 664 (1965). In *Mauerman*, the court held that a modification action was a new proceeding for purposes of RCW 4.12.040, .050, entitling the petitioner to a change of judges. In *Lambert*, the court held that a modification proceeding is a separate proceeding for purposes of RPPP 52.04W (now CR 52(a)(1)) which required a trial judge in an equity action to make findings of fact. These cases are inapposite. In each, a modification proceeding was held to be a new proceeding for very specific purposes which do not exist here.

Quite the contrary to appellant's assertion, it is clear that an award of child support creates a vested right to support unless the decree is modified by the court. Although technically a support payment is not a judgment

---

[1]Under the new dissolution act, RCW 26.09.010-.290, this may not be so. *In re Marriage of Melville*, 11 Wn. App. 879, 526 P.2d 1228 (1974). This act was not effective until July 16, 1973.

until due and a modification proceeding is directed at new conditions, a modification proceeding is merely an extension of the original divorce action. *See Baker v. Baker, supra; Springstun v. Springstun,* 131 Wash. 109, 229 P. 14, 40 A.L.R. 595, (1924); *Waymire v. Waymire,* 10 Wn. App. 262, 517 P.2d 219 (1973); *Sproston v. Sproston,* 8 Wn. App. 218, 505 P.2d 479 (1973). Relying upon *Keen v. Goodwin,* 28 Wn.2d 332, 182 P.2d 697 (1947) and *Springstun v. Springstun, supra,* the court in *Baker v. Baker, supra* at 741, stated:

> [T]he legislature is without power to set aside, annul, or change the liability upon a judgment affecting solely the rights of private parties by the enactment of a general law.

To hold otherwise would be grossly unfair to those entitled to support. If the new age of majority act were to apply to a modification proceeding, those obligated to pay support could themselves bring an action to reduce and force a court to reduce the maximum age to 18. A parent with custody of a child would be greatly discouraged from petitioning for even a badly needed and justifiable increase in support because the support would then be limited to the period before the child reaches 18. The rule urged upon us would also give a distinct advantage to those who received a generous initial award or who have a child whose needs have not increased.

There is an additional ground for affirmance. The determination to increase the award as well as all procedures were completed before the effective date of the new law. All that was left was the actual signing of the order.

The judgment is affirmed.

PETRIE, J., and JOHNSON, J. Pro Tem., concur.

Petition for rehearing denied April 24, 1975.

Review denied by Supreme Court June 9, 1975.