[No. 2620-1.    Division One.    March 3, 1975.]

JOANNE F. REEDY, *Appellant*, v. ROBERT G. REEDY,
*Respondent.*

*Lonnie Davis* and *Kent Millikan,* for appellant.

*Julin, Fosso & Sage* and *James D. McBride,* for respondent.

SWANSON, J.—Joanne F. Reedy appeals from an order filed October 18, 1973, discharging the duty of her former husband, the respondent Robert G. Reedy, to make child support payments for their son Robert on the sole ground that Robert, having attained the age of 18 years, was emancipated as a matter of law notwithstanding the fact that at the time the decree of divorce was entered the legal age of majority was 21.

The agreed statement of facts submitted pursuant to

CAROA 34(4), indicates that the parties were granted a divorce on December 11, 1970. Appellant was granted custody of the parties' four children and the respondent was directed to pay child support for the children "until they reach the age of 21 years or are sooner emancipated or married, . . ." None of the specified conditions for the termination of child support have occurred in fact, but effective August 9, 1971, the legislature amended RCW 26.28.010, which previously had set the age of majority at 21, to provide, "Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years." Laws of 1971, 1st Ex. Sess., ch. 292, § 1, p. 1603. In the latter part of June 1973, the respondent ceased making child support payments for the parties' eldest child Robert who had then attained the age of 18. Robert resides with his mother, the appellant, is not married, and attends college on a full-time basis. In an order filed October 18, 1973, the trial court discharged the respondent's duty to make child support payments for Robert, and denied the appellant's motion to hold respondent in contempt for the failure to make such payments. This appeal follows.

The thrust of appellant's argument on appeal is that the decision of our State Supreme Court in *Baker v. Baker*, 80 Wn.2d 736, 498 P.2d 315 (1972), and the subsequent decisions of this court in *Sproston v. Sproston*, 8 Wn. App. 218, 505 P.2d 479 (1973) and *Waymire v. Waymire*, 10 Wn. App. 262, 517 P.2d 219 (1973), constitute the controlling authority in this case. We agree.

In *Baker* at page 739, the divorce decree ordered the father of a minor daughter to pay child support until the daughter "shall reach the age of twenty-one years, becomes self-supporting or married . . ." The father argued that he should be relieved of such support obligation after his daughter became 18 because of the amendment to RCW 26.28.010, previously quoted herein, which lowered the age of majority from 21 to 18 years. In reject-

ing this contention, the court stated in *Baker* at pages 741-42:

It is the rule in this state that a legislative enactment is presumed to apply prospectively only, and will not be held to apply retrospectively unless such legislative intent is clearly expressed or to be implied. . . . Further, the legislature is without power to set aside, annul, or change the liability upon a judgment affecting solely the rights of private parties by the enactment of a general law. . . . We find nothing in the new legislation to indicate that it is intended to have retroactive application.

We hold that Laws of 1971, 1st Ex. Ses., ch. 292, § 1, p. 1603, is not retroactive and does not apply to judgments entered in divorce decrees prior to August 9, 1971, the effective date of the enactment. Therefore, it was entirely within the authority of the trial court in this case to make provisions for the support and education of the child of the parties until the child reached the age of 21 years.

(Citations omitted.) In *Baker* at page 742, the court recognized the rule then applicable that a trial court is without jurisdiction to order child support extending beyond the child's age of majority,[1] but essentially concluded that the age of majority is determined by the law in effect at the time of entry of the divorce decree, absent any showing that the legislature intended the subsequent amendment modifying the age of majority to be applied retroactively. *See also Waymire v. Waymire, supra* at 265.

Thus, in *Sproston*, at page 218, this court reviewed language of a divorce decree virtually identical to that involved in the case at bar, providing for child support "until

---

[1] RCW 26.08.110, cited in both *Baker* and *Waymire* with reference to the authority of a trial court to provide child support only for *minor* children who are subjects of a divorce decree, was repealed in 1973. Laws of 1973, 1st Ex. Sess., ch. 157, § 30, p. 1228-29. RCW 26.09.170, Laws of 1973, 1st Ex. Sess., ch. 157, § 17, p. 1224, provides in part:

Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.

*See generally* L. Rieke, *The Dissolution Act of 1973: From Status to Contract?*, 49 Wash. L. Rev. 375, 412-15 (1974).

the child concerned shall have reached twenty-one years of age, marries, [or] becomes emancipated . . ." Relying primarily on *Baker*, we held that the fact that the legislature subsequently had changed the age of majority to 18 did not constitute a sufficient showing in and of itself to relieve the husband of his obligation to make child support payments until his child became 21 years old. Similarly, in *Waymire*, decided after the trial court's decision in this case, the husband was ordered to pay child support " 'until the children reach their majority or are sooner self-supporting.' " *Waymire*, at page 263. This court affirmed a trial court holding based upon *Baker* that inasmuch as the decree in question was entered prior to the statutory amendment changing the age of majority from 21 to 18 years, the reference to "majority" in the decree should be deemed to be a reference to the age of 21 years.

When the holdings of *Baker*, *Sproston*, and *Waymire* are considered in the context of the facts of this case, it is apparent that the trial court was in error when it discharged the respondent from his duty to pay child support for Robert until he reaches the age of 21. At the time of the trial court's order, Robert was under 21, unmarried, and unemancipated in fact. As to this latter point, the trial judge observed in his oral ruling, "We are talking at the moment, however, about emancipation solely by operation of law, because we haven't any facts before the court at this point which would justify a finding of emancipation as a matter of fact." The trial court subsequently noted that the language of the decree providing for support of the children "until they reach the age of 21 years or are sooner emancipated or married" refers to emancipation in the general sense, without explicit limitation to emancipation in fact, and therefore concluded that such reference includes emancipation by the operation of the statutory amendment lowering the age of majority to 18 years.[2] RCW 26.28.010.

---

[2]Referring to the language of the decree, the court stated in its oral ruling: "It doesn't eliminate emancipation by any particular means, emancipation in general . . . I don't think I can read into the

In effect, the trial court retroactively applied the statutory amendment contrary to the holding in *Baker*.

Moreover, we are of the opinion that a proper interpretation of the language of the divorce decree in context and in light of the law in effect at the time the decree was entered requires us to deem the decree's general reference to emancipation ("or are sooner emancipated") to mean only emancipation in fact. Such an interpretation is compelled by the decree's specific reference to the children's attainment of the age of 21 years ("until they reach the age of 21 years") and by our recognition in *Waymire* that it was a common practice at the time the decree was entered for lawyers to make use interchangeably of the phrases "age of twenty-one" and "age of majority." It necessarily follows that a general reference to emancipation ("or are sooner emancipated") in the same sentence as a reference to the "age of 21 years" is either redundant or must be interpreted to be a reference to emancipation in fact.

Thus, the trial court erroneously interpreted the divorce decree. Given the fact that Robert is neither emancipated in fact nor married, the operative language of the divorce decree imposes a duty upon the respondent to make child support payments for Robert until he reaches the age of 21 years. In view of the decisions in *Baker*, *Sproston*, and *Waymire*, the statutory change in the age of majority, RCW 26.28.010, cannot be given retroactive effect to impair the rights and liabilities of the parties arising from their divorce decree. We conclude that the respondent is obligated to make child support payments to the appellant for the care of Robert until he attains the age of 21 years, marries, or becomes emancipated in fact.

Respondent contends, however, that the failure to give the amendment to RCW 26.28.010 retroactive application renders the statute unconstitutional as a violation of the fourteenth amendment to the United States Constitution,

---

language of the decree two additional words, being emancipation in fact. It says emancipation, and I think the parties are stuck with the choice of words that they used."

and article 1, section 12 of the State Constitution, which prohibit special privileges and immunities and guaranty the equal protection of the laws. Respondent argues that when the statute is applied prospectively only, an invalid discriminatory classification is created such as was condemned in *State ex rel. Bacich v. Huse,* 187 Wash. 75, 59 P.2d 1101 (1937), the case primarily relied upon by respondent.

■ Respondent's rather novel argument is without merit. RCW 26.28.010 creates no classifications on its face, save the classification not challenged by respondent between those who have attained the age of 18 years and those who have not, with exceptions otherwise specifically provided by law. The classifications claimed to be invalidly created by only prospective application of the statute are similar to the classifications created by the prospective application of any statute. Moreover, respondent has made no showing that the limitation of RCW 26.28.010 to prospective application creates a discriminatory classification that is either not uniformly applied to all members within the class, or that is manifestly arbitrary, unreasonable, inequitable and unjust. Absent such a showing, the classification will be upheld. *See Washington Kelpers Ass'n v. State,* 81 Wn.2d 410, 502 P.2d 1170 (1972); *Kasper v. Edmonds,* 69 Wn.2d 799, 420 P.2d 346 (1966); *Lenci v. Seattle,* 63 Wn.2d 664, 388 P.2d 926 (1964); *Clark v. Dwyer,* 56 Wn.2d 425, 353 P.2d 941 (1960).

The order of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

CALLOW and ANDERSEN, JJ., concur.